Submitted July 23; portion of judgment imposing special condition of probation reversed, remanded for resentencing, otherwise affirmed September 9, 2021; petition for review denied January 20, 2022 (369 Or 209)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAIME ALFREDO BACA,
*Defendant-Appellant.*

Washington County Circuit Court
19CR41938; A172152

497 P3d 218

D. Charles Bailey, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

PER CURIAM

Portion of judgment imposing special condition of probation reversed; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals from a conviction for unlawful possession of methamphetamine, raising two assignments of error. In his first assignment, defendant argues that the trial court erred by denying his motion to suppress the evidence. On appeal, he argues that, by questioning defendant about drugs during a stop that was initially based on the officer's suspicion about a trespass, police violated the subject matter limitation on investigative activities adopted in *State v. Arreola-Botello*, 365 Or 695, 451 P3d 939 (2019). However, before the trial court defendant did not advance a subject matter limitation argument. In *State v. Hallam*, 307 Or App 796, 800-03, 479 P3d 545 (2020), we concluded that the defendant's arguments to the trial court under *State v. Rodgers/Kirkeby*, 347 Or 610, 227 P3d 695 (2010), were insufficient to preserve a subject matter limitation argument. *Hallam* compels the conclusion that defendant's arguments here are unpreserved, and defendant has not demonstrated that the error was plain.

In his second assignment of error, defendant challenges the trial court's imposition of a special condition of probation requiring him to submit to searches by his supervising officer. The state concedes the probation condition is unlawful, and that concession is well taken. As we have repeatedly held, probation conditions cannot operate to constitute a "waiver of the probationer's Article I, section 9, rights, the probationer is entitled to refuse to allow the search, *and must be given a reasonable opportunity to do so*." *State v. Tennant*, 310 Or App 70, 75, 483 P3d 1226 (2021) (internal quotation marks and citation omitted; emphasis in *Tennant*).

Portion of judgment imposing special condition of probation reversed; remanded for resentencing; otherwise affirmed.